IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOUSTON HARRIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:18-CV-251-RP |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Petitioner Christopher Houston Harris's ("Harris") petition for a writ of habeas corpus under 28 U.S.C. § 2241. (R. & R., Dkt. 8). In his report and recommendation, Judge Lane recommends that the Court dismiss this action with prejudice. (*Id.* at 4). Harris timely filed objections to the report and recommendation. (Objs., Dkt. 11).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b). Because Harris timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Having conducted a *de novo* review, the Court agrees with the Magistrate Judge's legal analysis with respect to Harris' claim that his federal and state sentences should run consecutively. Harris was sentenced in federal and state court at separate times, (*see* Pet., Dkt. 1, at 6–8), and "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," 18 U.S.C. § 3584(a). The federal sentencing court was silent at the time of sentencing on whether Harris's federal and state sentences should run concurrently or

consecutively. (Objs., Dkt. 11, at 2). This silence invokes the presumption that the federal sentence will run consecutively to other sentences imposed at different times, including anticipated state sentences. *See Montalvo-Rodriguez v. Davis*, No. 2:18-CV-153, 2019 WL 1230782, at *5 (S.D. Tex. Jan. 15, 2019), *report and recommendation adopted sub nom. Jesus Montalvo-Rodriguez v. Lorie Davis, et al., Additional Party Names: L. Shults*, No. 2:18-CV-153, 2019 WL 1232674 (S.D. Tex. Mar. 14, 2019) (citing *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000)). The federal sentencing judge, moreover, indicated that he intended Harris's federal sentence to run consecutive to his state sentence. (R. & R., Dkt. 8, at 3). The Magistrate Judge also correctly concluded that it is immaterial that the state court ordered that Harris's sentences run concurrently because federal authorities are not bound by sentencing orders from state courts. (*Id.*). Accordingly, Harris has failed to show that his sentences were intended to run concurrently.

Although the Magistrate Judge construed Harris's petition to request only that "he be given credit against his federal sentence for time served on his state convictions," (R. & R., Dkt. 8, at 2), the Court construes Harris's petition more broadly. Harris requests that he be "given time served." (Pet., Dkt. 1, at 1). In his objections, Harris states that he "has been given no time credited towards his 130-month federal sentence" despite being in federal custody prior to the date his federal sentence commenced on April 1, 2014. (Objs., Dkt. 11, at 5). Harris was released to federal custody on or around February 22, 2000, (*see* Order for Writ of Habeas Corpus, 6:00-CR-10-RP-1, *USA v. Harris*, Dkt. 4), and remained in federal custody until at least July 12, 2000, when he received his federal sentence, (*see* Pet., Dkt. 1, at 6). Section 3585 provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Harris has not shown that the time he spent in federal custody prior to his federal sentence commencing was credited toward his state sentence. However, the Court is aware of no facts indicating that Harris cannot make this showing. With respect to this claim, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 8), is **ADOPTED IN PART**. Harris's claim that his federal and state sentences should run consecutively is **DISMISSED WITH PREJUDICE**. Harris's claim that he is entitled to credit for time served on his federal sentence while in federal custody prior to his federal sentence commencing is **DISMISSED WITHOUT PREJUDICE**. Harris shall file an amended petition, if at all, on or before **June 24, 2019**.

**IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Harris via certified mail. Harris's address is Register No. #03087-180, Bastrop FCI, P.O. Box 1010, Bastrop, Texas 78602.

**SIGNED** on March 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE